Kirkpatrick C. J.
We have never settled, that we have a right to demand a state of the case from the Common Pleas, but it is a settled principle, that if they *413 choose to make a state of the case, they have a right so to do, and this court will take notice of it. The party should always have a way to make his rights appear to the Supreme Court, having the controling jurisdiction; and states of the case, should on proper occasions be made. Suppressions of truth, to sanctify judgments not sanctioned by law, are never proper.
STote.—This cause was afterwards tried, and verdict for Hall, and judgment affirmed on certiorari. (See page 148.)
Rossell J.
The practice has been as stated by the Chief Justice, and as this paper appears to be signed by the presiding judge, and to accompany the writ, it is proper to read it.
The paper was read, and by it and the transcript of the justice, it appeared that the defendant below, offered certain witnesses to prove that the note or bill on which the suit was brought, was given for boot on an exchange of horses ; that at the time he was intoxicated, and had been made so by the plaintiff, who fraudulently and artfully got him drunk and imposed upon him in that situation.
*L. II. Stockton. This conduct of the plaintiff was fraudulent and vitiates the contract. 1 Bur. 395. P. Wms. 130 n. a. The evidence ought to have been admitted.
Ewing insisted that if the facts alleged were true, they could not be offered as a defence, in such a suit, in a court of common law.
By the Court.
The judgment must be reversed. The defence offered was a good defence, and the evidence ought to have been admitted.
Southard J. gave no opinion.
Judgment reversed.